# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

6210 INDIAN SCHOOL RD NE, APT D102
ALBUQUERQUE, NM 87110

)
)
)  Case No. **23 MR 818**
)
)
)

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached and incorporated by reference.

located in the _____ District of _____ New Mexico _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A, attached and incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 111(a) | Assaulting, Resisting, or Impeding Certain Officers or Employees (Simple Assault) |

The application is based on these facts:
See attached affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jean-Lucien Souvenir, U.S. Postal Inspector
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Electronically Signed & Telephonically Sworn *(specify reliable electronic means)*.

Date: 04/18/2023

*Judge's signature*

City and state: Albuquerque, New Mexico

Honorable John F. Robbenhaar, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 6210 INDIAN SCHOOL RD NE, APT D102 ALBUQUERQUE, NM 87110 | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Jean-Lucien Souvenir, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a United States Postal Inspector and have been so employed since November 2019. I am assigned to the Phoenix Division, Albuquerque Domicile, Albuquerque, New Mexico. One of my responsibilities is to investigate violent crimes involving United States Postal Service (USPS) employees. I have been trained to work on numerous federal criminal investigations. Prior to my appointment as a U.S. Postal Inspector, I served as a Criminal Investigator with the United States Marshals Service in El Paso and San Antonio, Texas, for nine years. I hold a bachelor's degree in Psychology from Florida International University in Miami, FL. During my career as a federal law enforcement officer, I have participated in financial crimes, robberies, burglaries, and drug trafficking investigations.

**PURPOSE OF AFFIDAVIT**

2. I make this affidavit in support of an application for a search warrant for 6210 Indian School RD NE, APT D102, Albuquerque, NM 87110 (**"SUBJECT RESIDENCE"**), further described in ATTACHMENT A. Kenneth DICKEY, year of birth 1993 ("DICKEY"), described further below, is known to reside at this address.

3. I have probable cause to believe the items described in ATTACHMENT B, including the person of DICKEY, will be found within the SUBJECT RESIDENCE. I believe the SUBJECT RESIDENCE contains evidence of the commission of a federal criminal offense,

1

namely 18 U.S.C. § 111(a)-Assaulting, Resisting, or Impeding Certain Officers or Employees (simple assault). The grounds for issuance of the search warrant are derived from my review of the evidence, discussions with participating agencies, and interviews of persons who have personal knowledge of the events described herein. This affidavit is limited in scope to the information relevant to show there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## SUMMARY OF PROBABLE CAUSE

4. On February 13, 2023, I was notified by the Uptown Post Office Station Supervisor, T.S., that DICKEY, a customer, communicated a threat via USPS's website, www.USPS.com. According to T.S., DICKEY stated he was going to arrest the carrier who delivers mail to his house and that "Explosives would be used everywhere" if his mail related issues were not resolved. T.S. stated DICKEY was upset because a package he was expecting was not delivered. T.S. indicated the package required a signature for delivery.

5. T.S. attempted to contact DICKEY with no positive results. I also attempted to contact DICKEY with no positive results. No messages could be left because DICKEY's mailbox was full. I instructed T.S. to not have his carrier deliver mail at that address until DICKEY was contacted. The Uptown Station ultimately suspended all mail services to the entire complex in light of DICKEY's threatening conduct.

6. On February 15, 2023, I conducted a criminal history search on DICKEY. The search revealed DICKEY had an active restraining order filed against him, as well as two pending state cases for both stalking and harassment. I, along with Inspectors C. Castro and K. Power, conducted a knock and talk at DICKEY's residence at 6210 Indian School Rd NE, APT D102, Albuquerque, New Mexico 87110, with no positive results. DICKEY's vehicle was parked on the

property, but DICKEY did not come to the door. I left my business card on DICKEY's car and apartment door.

7. On February 17, 2023, Inspector K. Power and I conducted another knock and talk at DICKEY's residence. We knocked and announced our presence by stating we were federal agents with the Postal Inspection Service and displayed our badges and credentials. DICKEY did not answer the door but peeled back the curtain on his windows and saw us.

8. DICKEY told us to go away and that we were harassing him. I told DICKEY that I wanted to speak to him about his mail delivery issues. DICKEY accused us of trespassing, continued to tell us to leave, and stated, "Subpoenas don't work here." DICKEY then threatened to arrest us if we didn't leave and said, "Violators will be shot." We interpreted this as a threat by DICKEY to shoot us if we did not immediately leave. We also interpreted this statement to mean that DICKEY was in possession of a firearm or firearms. We immediately drew our duty weapons and sought cover. As we were moving to a position of safety, we kept our weapons pointed at DICKEY's front door/window in the event he presented himself to carry out his threat.

9. To de-escalate the situation, we left the area. I contacted Albuquerque Police Department (APD) Dispatch and requested to speak to a Crisis Intervention Team (CIT) Officer. I was asked to wait for the officers in the parking lot of the apartment complex.

10. I, along with Inspectors Power, B. Whip, and K. Cain, were met by APD Officers B. Hess (Badge# 7312) and A. Thayer (Badge# 7396). I explained the situation to them and aided with conducting another knock and talk at DICKEY's residence. We were met with the same results. DICKEY refused to open the door, refused to speak to us and the officers, and told the officers that they were harassing him.

11. I was later contacted by APD CIT Detective, Coty Maxwell. Detective Maxwell stated he was the agent assigned to the case. Detective Maxwell stated DICKEY was formerly

3

employed as an APD Administrator but has struggled following the loss of his spouse. Detective Maxwell indicated that DICKEY's behavior has escalated, and that DICKEY was threatening to shoot family members. Detective Maxwell stated his concerns that DICKEY posed a danger to others and noted that DICKEY was the subject of two separate petitions for restraining orders, which were dismissed after DICKEY was unable to be served.

12. On March 30, 2023, I confirmed that mail services were still suspended at the apartment complex due to concerns over DICKEY's volatile behavior and prior threats toward mail carriers. I spoke to Detective Maxwell regarding DICKEY and learned that DICKEY is still not leaving the apartment, despite multiple attempts by Detective Maxwell to speak with him and offer mental health services. Detective Maxwell also informed me that during a recent attempt at contact, DICKEY was armed with a knife and refused to come out of his apartment.

13. Most recently, Detective Maxwell confirmed that DICKEY remained in his apartment as of April 4, 2023.

14. On April 17, 2023, Inspector Corina Castro and I spoke to E.G. During our conversation, E.G. stated DICKEY told him/her he had a gun and threatened to kill E.G. E.G was not able to confirm if DICKEY owned any firearms, but his threats to use a firearm were consistent with the threats made on February 13, 2023.

## CRIMINAL HISTORY

15. DICKEY's criminal history includes crimes involving assaults resulting in bodily injury. DICKEY currently has two (2) outstanding state warrants for Harassment and Stalking Family Members. The criminal complaints states DICKEY threatened to kill M.G and E.G.

16. On April 14, 2023, this Court issued a criminal complaint charging DICKEY with 18 U.S.C. § 111-Assaulting, Resisting, or Impeding Certain Officers or Employees (simple

assault). 23-MJ-660. In connection with this complaint, this Court issued an arrest warrant, which is active.

## CONCLUSION

17. I believe there is probable cause to search the SUBJECT RESIDENCE as described above. Based on the information provided in this affidavit, I believe probable cause exists that the person of DICKEY, who is the subject of an arrest warrant, will be present at the SUBJECT RESIDENCE. There is also probable cause to believe that there is evidence, fruits and instruments of 18 U.S.C. § 111-Assaulting, Resisting, or Impeding Certain Officers or Employees (simple assault) will be located within the SUBJECT RESIDENCE, to include evidence consisting of firearms, weapons, and ammunitions. Therefore, I seek permission to enter the SUBJECT RESIDENCE to seize the person of DICKEY, as well as evidence, fruits, and instrumentalities for the crimes as described in ATTACHMENT B.

18. This affidavit has been reviewed and approved by Assistant United States Attorney Sarah Mease.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issues the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41

Respectfully submitted,

Jean-Lucien Souvenir
U.S. Postal Inspector

Telephonically sworn and electronically submitted on this 18th day of April 2023.

Honorable John F. Robbenhaar
United States Magistrate Judge

## ATTACHMENT A

The **SUBJECT RESIDENCE** is located at 6210 Indian School RD NE, APT D102, Albuquerque, NM 87110 and is a two-bedroom apartment located on the first floor of the apartment complex. The apartment building is beige in color. The **SUBJECT RESIDENCE** has a blue entry door.



This warrant would authorize the search of all surrounding, appurtenances, and all vehicles associated with the residence at the time the **SUBJECT RESIDENCE** is searched.

1

## ATTACHMENT B

Evidence relating to violations of 18 U.S.C. § 111- Assaulting, Resisting, or Impeding Certain Officers and Employees (simple assault), involving Kenneth Dickey, year of birth 1993, including:

1. The person of Kenneth Dickey, year of birth 1993, pursuant to the arrest warrant issued in 23-MJ-660;

2. Firearms and ammunition, including but not limited to handguns, rifles, shotguns and automatic weapons.